**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Eduardo ARENAS–MEDINA, aka Lalo, Defendant—Appellant.**

**No. 01–50313.**

**D.C. No. CR–00–01053–GAF–1.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 19, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Eduardo Arenas–Medina appeals his sentence imposed following his guilty plea conviction for selling false identification documents in violation of 18 U.S.C. § 1028(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of the sentencing guidelines and review for abuse of discretion the court's application of the guidelines to the facts of a particular

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

case. *United States v. Ellis*, 241 F.3d 1096, 1099 (9th Cir.2001). We affirm.

The district court correctly applied the preponderance of the evidence standard to determine "relevant conduct" at sentencing because the upward adjustment did not have an extremely disproportionate effect on Arenas–Medina's sentence relative to the offense of conviction. *See United States v. Johansson*, 249 F.3d 848, 854 (9th Cir.2001).

The district court correctly found that the 44 pairs of false identification documents discovered at the document mill were produced in furtherance of the criminal activity jointly undertaken by Arenas–Medina and his co-defendants and their production was reasonably foreseeable. *See* U.S.S.G. § 1B1.3(a)(1)(B). Thus, the documents constituted relevant conduct and were properly considered at sentencing. *See United States v. Newland*, 116 F.3d 400, 403–04 (9th Cir.1997). Combined with the 96 to 180 pairs of false identification documents Arenas–Medina admitted to selling, the additional 44 sets of documents brought the total number above 100, and the district court correctly determined that Arenas–Medina should receive a nine-level sentence increase. *See* U.S.S.G. § 2L2.1(b)(2)(C).

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.